## G. WASHINGTON *et al. v.* THE STATE.

1. MURDER—CHARGE OF THE COURT.—When the evidence demonstrates that the homicide was not less than murder in the first degree, there is no occasion to instruct the jury upon the law of manslaughter, or of murder in the second degree.
2. SAME.—That the accused were penitentiary convicts, and killed their guard in order to effect their escape, were not circumstances reducing the homicide below murder in the first degree.

APPEAL from the District Court of Matagorda. Tried below before the Hon. W. H. BURKHART.

There were three of the appellants, respectively known as George Washington, George Whitfield, and Bob White, all colored men and penitentiary convicts. A clear and comprehensive summary of the facts will be found in the opinion of this court.

No brief for the appellants has reached the hands of the reporter.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge. The appellants were indicted, on the 10th day of June, 1875, for the murder of one George W. Noxon. They were tried at the November term, 1876, of the district court of Matagorda county, convicted of murder in the first degree, and their punishment assessed at death. George Whitfield has died since his conviction.

At the time of the homicide the evidence shows that appellants were penitentiary convicts, and were employed, together with one Bill Williams, another convict, on the farm of John Duncan. These four convicts were sent, in company with their guard, one George W. Noxon, to the woods to cut rail timber. On the way they passed the

house of Nancy Farmer, a colored woman living on Duncan's plantation, when she gave Bill Williams a chunk of fire, and one of the appellants some sweet potatoes. Each of the convicts had an ax. The witness Duncan testified that about ten o'clock that morning he heard the three appellants and Williams had escaped, and, in going in the direction that deceased and the convicts had gone, about a mile from his gin-house, and not far from Nancy Farmer's house, he discovered blood in the road, and some sweet potatoes with blood on them; that, following the traces of the blood, he found the dead body of George W. Noxon lying in a thicket, about twenty yards from the blood in the road, with wounds across the forehead, and the top of the skull terribly broken in; that three of the axes the parties had were lying around the body, bloody; the body appeared to have been dragged from the road and put in the thicket. The appellants were missing, and the pistol Noxon had with him was gone. When the appellants were captured, Williams was killed in trying to prevent his escape, and one of the appellants had on his person a peculiarly-shaped pistol, corresponding with the pistol Noxon had with him when he was killed.

The counsel for the appellants has assigned a number of errors, none of which are well taken, and only a few of which we deem it necessary to notice.

1st. That the court should have given the defendants the benefit of a charge on manslaughter.

There was not a particle of evidence before the jury which rendered such an instruction necessary. When, under the evidence, the homicide could not have been less than murder in the first degree, if the defendants were found guilty, this court has decided in several instances that there is no occasion to instruct the jury respecting the degrees of murder, or as to the law of manslaughter.

The counsel for the appellants, as one of the grounds for a new trial and in arrest of judgment, set out that there is no evidence showing the appellants were present when the homicide was committed, acting together, aiding, or assisting in the commission of the offense. It would be difficult, indeed, to find a stronger case of circumstantial evidence, and one so conclusively showing that the appellants, and no one else, were present, and all participated and took part in committing the murder. There is no fact or circumstance in the evidence tending in the slightest degree to cast suspicion upon any one else as the murderers. On the contrary, each and all of the facts proved on the trial are incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis than the guilt of the appellants.

The court properly refused to give the charges asked by the counsel for the defendants. The fact that the appellants were convicts, and deprived of their liberty, would not excuse or justify them in killing their guard to regain their liberty. On the contrary, the guard is allowed by law to kill such convicts, if it is absolutely necessary, to prevent their escape, and it can be done in no other way.

The court correctly charged the law applicable to the case as made by the testimony, and certainly as favorably to the appellants as the facts would warrant. There is no question as to the sufficiency of the indictment, and there can be no question as to the sufficiency of the evidence to sustain the finding of the jury. Nothing further remains for us to do but to affirm the judgment.

The judgment is affirmed.

*Affirmed.*